**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 09-cv-01982-CMA-MJW

JERRY LEWIS DEDRICK,

    Petitioner,

v.

J.M. WILNER, Warden,

    Respondent.

---

**ORDER ADOPTING AND AFFIRMING APRIL 28, 2010 RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

---

The above-captioned civil action was referred to United States Magistrate Judge Michael J. Watanabe pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b) on October 9, 2009. (Doc. # 19.) On April 28, 2010, the Magistrate Judge issued a Recommendation that Petitioner Jerry Lewis Dedrick's Amended Application for Writ of Habeas Corpus (Doc. # 8) be denied and dismissed and that Petitioner Dedrick's Motion for Summary Judgment (Doc. # 30) be denied. (Doc. # 32.) Petitioner, proceeding *pro se*, timely filed Objections to the Recommendation on May 7, 2010. (Doc. # 33.) However, Petitioner merely asserts the same arguments that he presented in his Response & Reply to Respondent's Response to Order to Show Cause (Doc. # 25) and in his Motion for Summary Judgment (Doc. # 30). In other words, Petitioner does not raise any new legal or factual issues in his Objection.

The Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Report and Recommendation, and Plaintiff's Objections to the Report and Recommendation.

The Court finds Petitioner's Objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, even though the Recommendation did not specifically address *DeCamp v. N.J. Dep't of Corr.*, 902 A.2d 357 (N.J. Super. Ct. App. Div. 2006), which Petitioner cited in his Objections, Motion for Summary Judgment, and Response & Reply to Respondent's Response to Order to Show Cause.

Having reviewed the *DeCamp* decision, this Court finds that it does not change the outcome in the instant matter. In *DeCamp*, the New Jersey appellate court contemplated whether, and ultimately determined that, a prisoner can assert self-defense as an affirmative defense in a prison disciplinary hearing. *Id.* at 362. In the instant case, the underlying record reflects that Petitioner's assertion of self-defense was considered at the disciplinary hearing involving Petitioner's alleged instigation of a fight with his cell mate at his prior facility, FCI Beaumont in Texas. However, based on the evidence presented, the Disciplinary Hearing Officer concluded that Petitioner was fighting and not acting in self-defense. Because the underlying record contains at least some evidence to support the Disciplinary Hearing Officer's decision, the requirements of procedural due process have been met. *Mitchell v. Maynard*, 80 F.3d 1433, 1445

The Court has conducted a *de novo* review of this matter, including carefully reviewing all relevant pleadings, the Report and Recommendation, and Plaintiff's Objections to the Report and Recommendation.

The Court finds Petitioner's Objections are without merit. The Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, even though the Recommendation did not specifically address *DeCamp v. N.J. Dep't of Corr.*, 902 A.2d 357 (N.J. Super. Ct. App. Div. 2006), which Petitioner cited in his Objections, Motion for Summary Judgment, and Response & Reply to Respondent's Response to Order to Show Cause.

Having reviewed the *DeCamp* decision, this Court finds that it does not change the outcome in the instant matter. In *DeCamp*, the New Jersey appellate court contemplated whether, and ultimately determined that, a prisoner can assert self-defense as an affirmative defense in a prison disciplinary hearing. *Id.* at 362. In the instant case, the underlying record reflects that Petitioner's assertion of self-defense was considered at the disciplinary hearing involving Petitioner's alleged instigation of a fight with his cell mate at his prior facility, FCI Beaumont in Texas. However, based on the evidence presented, the Disciplinary Hearing Officer concluded that Petitioner was fighting and not acting in self-defense. Because the underlying record contains at least some evidence to support the Disciplinary Hearing Officer's decision, the requirements of procedural due process have been met. *Mitchell v. Maynard*, 80 F.3d 1433, 1445

(10th Cir. 1996) (citing *Superintendent, Mass. Corr. Inst. at Walpole v. Hill*, 472 U.S. 445, 454 (1985)).

Accordingly, based on the foregoing, IT IS ORDERED that:

1. The April 28, 2010 Recommendation of United States Magistrate Judge Michael J. Watanabe (Doc. # 32) is AFFIRMED and ADOPTED;

2. Petitioner Jerry Lewis Dedrick's Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. # 8) is DENIED;

3. Petitioner Dedrick's Motion for Summary Judgment (Doc. # 30) is DENIED AS MOOT; and

4. This case is DISMISSED WITH PREJUDICE.

DATED: May  19 , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge